IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS, | 1:07-cv-00121 LJO-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER |
| vs. | |
| BRUE, et al., | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendants. | |

On February 1, 2007, the court issued an order denying Plaintiff leave to Proceed In Forma Pauperis and Requiring Plaintiff to pay the $350.00 filing fee in full, within thirty (30) days. The thirty (30)-day period has now expired, and plaintiff has not paid the filing fee.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a

1  party's failure to prosecute an action, failure to obey a court order, or failure to comply with local
2  rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance
3  with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure
4  to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439,
5  1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs
6  to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.
7  1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,
8  1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local
9  rules).

10         In determining whether to dismiss an action for lack of prosecution, failure to
11  obey a court order, or failure to comply with local rules, the court must consider several factors:
12  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
13  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
14  cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at
15  831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
16  Ghazali, 46 F.3d at 53.

17         In the instant case, the court finds that the public's interest in expeditiously
18  resolving this litigation and the court's interest in managing the docket weigh in favor of
19  dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,
20  since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
21  action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public
22  policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor
23  of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the
24  court's order will result in dismissal satisfies the "consideration of alternatives" requirement.
25  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The
26  court's order expressly stated: "Plaintiff shall pay the $350.00 filing fee in full within thirty (30)

days or this action will be dismissed, without prejudice."  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on plaintiff's failure to obey the court's order of February 1, 2007.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 26, 2008**                         /s/ **Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE

-3-